UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-CR-61 |
| | ) | |
| BRUCE OWEN DOWNSBROUGH, | ) | (VARLAN / SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**ORDER OF DETENTION PENDING TRIAL**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on June 3, 2013, for a detention hearing under the Bail Reform Act, 18 U.S.C. §3142(f). Assistant United States Attorney Matthew T. Morris appeared on behalf of the Government. Attorney A. Philip Lomonaco represented the Defendant, who was also present. Based upon the evidence presented at this hearing, the Court concludes that Defendant must be detained pending trial.

**Part I–Applicable Provisions of the Bail Reform Act**

Probable cause exists to believe that the Defendant has committed an offense involving a minor victim under 18 U.S.C. §2252(a)(2). Thus, a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. §3142(e)(3)(E). Although the Defendant has

1

presented proof to rebut the presumption, the Court still finds that no conditions will reasonably assure the Defendant's appearance and the safety of the community, as outlined below.

**Part II–Statement of Reasons for the Detention**

The Court finds that the testimony, the exhibits (including the letters and court documents offered by the Defendant), the proffers, and the Pretrial Services Report submitted at the detention hearing establish by clear and convincing evidence that the Defendant is a danger to the community and by a preponderance of the evidence that the Defendant is at risk to flee. The Court has considered the factors in 18 U.S.C. §3142(g) and finds as follows:

First, the nature and circumstances of the offense weigh in favor of detention because the charged offenses involve minor victims. 18 U.S.C. §3142(g)(1).

With regard to the second factor, the Court initially observes that the offenses with which the Defendant is charged in Counts One through Three (receiving child pornography in interstate commerce) are among those crimes for which Congress has deemed the offender particularly dangerous or particularly likely to flee. See United States v. Stone, 608 F.3d 939, 947 n.6 (6th Cir. 2010) (noting that Congress has attached a presumption to those types of crimes, such as drug trafficking, which indicate a "strong probability" that the perpetrator will flee). In this case, the weight of the evidence of the Defendant's dangerousness is great because the Defendant has admitted to viewing child pornography. Additionally, the weight of the evidence of the Defendant's dangerousness is potentially extremely great due to the possibility that the Defendant may commit a sexual offense against a minor (i.e., a "contact offense"). With respect to this factor, the Court finds that the unrebutted testimony is that the Defendant viewed child pornography to prevent

himself from committing a contact offense. If the Defendant were to be released on conditions, one of those conditions would be that the Defendant not view child pornography, which would increase the risk that the Defendant would commit a contact offense. Accordingly, the Court finds that the weight of the evidence of the Defendant's dangerousness weighs in favor of detention. 18 U.S.C. §3142(g)(2).

The Court finds that the weight of the evidence that the Defendant presents a flight risk also weighs in favor of detention. See 18 U.S.C. §3142(g)(2). The Defendant's passport was seized during the execution of a search warrant at his Knoxville residence on November 16, 2012. Last week, some six and one-half months following law enforcement's seizure of his passport, the Defendant applied for a new passport. The Defendant did not explain why he had applied for a new passport, and the Court infers that he did so in order to facilitate flight out of the country.

The Court's analysis of the third factor, the history and characteristics of the Defendant, also supports detention. With regard to the Defendant's character, the evidence reveals that the Defendant was a prolific viewer of child pornography both in Knoxville and in Colorado and that he physically abused between two and five children in the past. Moreover, although the Defendant's brother and friends from the Knoxville Choral Society stated that the Defendant was a responsible person who would honor the conditions imposed by the Court, the Court was impressed by the circumstance that no one, including the Defendant's brother, is particularly close to the Defendant or knows him very well. The Defendant has no family ties in Knoxville or in Colorado. The Defendant no longer has any job to commit him to this district or to occupy his time, thereby preventing him from violating his conditions. Although the Defendant has offered to post a one million dollar bond to secure his presence, the Court finds that this amount represents about

half of his liquid or semi-liquid assets and would not deprive him of sufficient funds to flee if he so chose. Although the Defendant has lived in Knoxville for ten years, he does not have community ties aside from the Choral Society, and in fact, he has proposed living at his home in Colorado in light of his recent job loss. Finally, with regard to the Defendant's criminal history, the Court cannot make a determination based upon the evidence before it as to whether the Defendant's prior charge in Boulder, Colorado, for sexual assault in the third degree was dismissed along with his charge of sexual assault on a child. However, the Court finds that the Defendant admitted to Investigator Tom Evans that he had committed contact offenses against at least two children, albeit in the distant past.

The Court views the following aspects of the Defendant's history and characteristics to weigh in his favor: The Defendant has no history of drug or alcohol abuse, he has appeared for court as required in the past, and he was not on any type of release from custody at the time he is alleged to have committed the instant crimes. See 18 U.S.C. §3142(g)(3)(A)-(B). Finally, the Defendant's physical and mental state, is a neutral factor that does not tip the balance in either direction. Considering all these factors as a whole, the Court finds that the Defendant's history and characteristics weigh in favor of detention. See 18 U.S.C. §3142(g)(3).

Fourth, the Court examines the nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release. 18 U.S.C. §3142(g)(4). The evidence before the Court reveals that the Defendant had in excess of 20,000 images and videos of child pornography and that he had categorized and grouped these images and videos in a very deliberate and systemic way. The Defendant's extensive viewing of child pornography reveals that he would pose a serious danger to others in the community, particularly to children exploited by child pornography. The Court also finds that the Defendant poses an extremely serious danger to

4

others when deprived of his access to child pornography, because the Defendant admitted to Investigator Evans that he uses child pornography as a "crutch" to keep from committing contact offenses on children.

Thus, the Court finds that all four of the factors listed in 18 U.S.C. §3142(g) support the detention of the Defendant. The Court also finds that no conditions of release, including the conditions suggested by the Defendant of him living with Ann Siddell, Ms. Siddell serving as a third-party custodian, electronic monitoring, and the Defendant posting a one million dollar bond, would reasonably assure the appearance of the Defendant as required or the safety of another person or the community. 18 U.S.C. §3142(e). Accordingly, the Court finds that the Defendant must be detained pending his trial.

### Part III–Directions Regarding Detention

The Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or held in custody pending appeal. The Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States Court or request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States marshal for a court appearance.

**IT IS SO ORDERED.**

ENTERED, *nunc pro tunc*, to June 3, 2013:

  s/ C. Clifford Shirley, Jr.
United States Magistrate Judge